UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEWIS KEATHLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 4:23-cv-00421-JAR |
| SPIRE, INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on two motions.  First, Plaintiff Lewis Keathley filed a motion for leave to file an amended complaint.  ECF No. 15.  Defendant Spire, Inc. ("Spire") filed a response opposing Plaintiff's motion.  ECF No. 25.  Plaintiff filed a reply.  ECF No. 28.

Second, Spire filed a motion to strike a portion of Plaintiff's Complaint.  ECF No. 23.  More specifically, Spire requests that the Court strike Plaintiff's claims for emotional distress and punitive damages in Plaintiff's Counts III and IV.  *Id.*  Plaintiff filed a response opposing Spire's motion.  ECF No. 27.  Spire filed a reply.  ECF No. 28.

The motions are therefore both fully briefed and ready for disposition.  For the following reasons, Spire's motion to strike will be granted.  Plaintiff's motion for leave to file an amended complaint will also be granted.

**Background**

Plaintiff brings this action against Spire for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") (Counts I and II); the Age Discrimination in Employment Act ("ADEA") (Counts III and IV); and the Missouri Human Rights Act ("MHRA") (Counts V–IX).  *See* ECF No. 1.  Plaintiff alleges Spire illegally discriminated against him on the basis of race,

1

color, sex, and/or age and later took illegal retaliatory employment actions against him for reporting the alleged discriminatory actions to Spire's human resources department.  *See id.*

Before Spire answered, Plaintiff filed a motion to: (1) amend the Complaint to add a new defendant, Spire Missouri, Inc ("Spire Missouri"), and (2) add previously omitted allegations regarding Plaintiff's receipt of the Equal Employment Opportunity Commission's ("EEOC") Notice of Right to Sue.  ECF Nos. 15 and 17.  Spire then moved to strike Plaintiff's claims for emotional distress and punitive damages in Counts III and IV.  ECF No. 23.  Spire next filed its response in opposition to Plaintiff's motion for leave to file an amended complaint, where it raised similar arguments that Plaintiff's amended complaint should not include claims under the ADEA that request emotional distress or punitive damages.  ECF No. 25.  Spire also argues that Spire Missouri was Plaintiff's employer, not Spire, and therefore Plaintiff's motion should be denied as Plaintiff's proposed amended complaint improperly seeks to maintain a claim against Spire.

**Legal Standards**

Federal Rule of Civil Procedure 15(a)(1)(B) allows a party to amend its pleading with leave of court and directs the Court to "freely give leave when justice so requires."

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  While district courts have broad discretion in deciding on motions to strike, striking a pleading is a drastic remedy that is not favored and infrequently granted. *Hogan v. Wal-Mart Stores E., LP*, No. 4:21-CV-78 RLW, 2021 WL 3363149, at *3 (E.D. Mo. Aug. 3, 2021) (citations omitted).

2

## Discussion

### I.     Spire's Motion to Strike.

Counts III and IV in Plaintiff's Complaint are premised on Spire's alleged violation of the ADEA and include requests for punitive damages. ECF No. 1 at ¶¶ 49 and 56. Additionally, in the Complaint's Prayer for Relief, Plaintiff requests both punitive damages and damages for emotional distress related to all of his claims, including his ADEA claims. *Id.* at 16.

In its motion to strike and accompanying memorandum of law [ECF No. 24], Spire argues that damages for emotional distress and punitive damages are not available under the ADEA. For his part, Plaintiff acknowledges that the Court is precluded from granting an award of damages for emotional distress on ADEA claims. *See* ECF No. 27 at 1. But instead of agreeing to strike per Spire's motion, Plaintiff asks this court to simply ignore allegations relating to emotional distress in Counts III and IV. *Id.*

The Court agrees with the parties that emotional damages are not available in ADEA claims. *See Fiedler v. Indianhead Truck Line, Inc.*, 670 F.2d 806, 809–10 (8th Cir. 1982). As such, the emotional damages claims related to Counts III and IV should be stricken from Plaintiff's Complaint. To accomplish this, Plaintiff will be instructed to file an amended complaint that clarifies in its Prayer for Relief that he does not seek any damages based on claims of emotional distress related to Counts III and IV. *See infra* at 5.

Plaintiff disputes Spire's contention that the ADEA precludes punitive damages. ECF No. 27 at 1–2. In support, Plaintiff argues that "liquidated damages" as used in the ADEA is simply another name for punitive damages. *Id.* at 2. He further asserts that "[t]o the extent the

3

Complaint . . . do[es] not speak explicitly in terms of 'liquidated damages,' [it] may fairly be interpreted as such." *Id.*

Plaintiff is incorrect that punitive damages are equivalent to "liquidated damages" contemplated under the ADEA. In *Williams v. Valentec Kisco, Inc.*, 964 F.2d 723 (8th Cir. 1992), the Eighth Circuit determined that "[l]iquidated damages serve as a deterrent to willful violations of the [ADEA], and while there is an aspect to such damages that is punitive in nature, they are not the equivalent of punitive damages." *Id.* at 729 (cleaned up). It further reasoned that "[p]unitive damages as such are not recoverable under the ADEA." *Id.* (citing generally 29 U.S.C. §§ 621–34). Spire's motion to strike will therefore be granted, and Plaintiff will be directed to file an amended complaint that removes the mention of punitive damages related to Counts III and IV. *See infra* at 5.

II.     **Plaintiff's Motion for Leave to File an Amended Complaint.**

Plaintiff seeks leave to file an amended complaint that both adds Spire Missouri as a party and adds allegations related to the EEOC's Notice of Right to Sue. Spire does not dispute the addition of Spire Missouri as a proper defendant. *See* ECF No. 25 at 1. Instead, Spire essentially argues that Spire Missouri should be substituted for Spire. *See id.* Beyond its own say-so, Spire presents no support for its contention that Spire Missouri, rather than Spire, was Plaintiff's employer. Without such support, Spire's argument is unpersuasive.

To the extent that Spire opposes Plaintiff's motion for leave to file an amended complaint based on claims for emotional distress and punitive damages under the ADEA, the Court has already decided those issues in Spire's favor. Plaintiff's motion for leave to file an amended complaint will be granted with instructions that it submit a proposed amended complaint that: (1) excludes claims for emotional distress and punitive damages related to Counts III and IV, (2)

4

adds Spire Missouri as a defendant, and (3) adds allegations related to the EEOC's Notice of Right to Sue.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Spire's motion to strike is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint is **GRANTED**. Plaintiff is **ORDERED** to submit an amended complaint within seven (7) days of the entry of this order. Said amended complaint can add Spire Missouri, Inc. as a named defendant and add allegations regarding the EEOC's Notice of Right to Sue but should remove any reference to emotional distress or punitive damages in relation to claims raised under the ADEA.

Dated this 17th day of July, 2023.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**