UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEWIS KEATHLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-00421-JAR |
| ) | |
| SPIRE INC. and SPIRE MISSOURI INC., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Spire Inc.'s and Spire Missouri Inc.'s Motion for Sanctions. ECF No. 42. Plaintiff filed his Response. ECF No. 46. Defendants have filed their Reply. ECF No. 47. Following full briefing and a hearing before this Court conducted on June 5, 2024, this matter is ready for disposition. For the reasons set forth below, the Court will grant in part and deny in part Defendants' Motion.

### Background

Plaintiff first filed this action on April 3, 2023, (ECF No. 1) and later filed an Amended Complaint on July 19, 2023 (ECF No. 31). In his Amended Complaint, Plaintiff raises nine claims for relief based on Defendants' alleged race, sex, and age discrimination in employment against Plaintiff and Defendants' alleged retaliation when Plaintiff complained of the alleged discrimination. Plaintiff seeks monetary and injunctive relief as well as attorneys' fees and costs. ECF No. 31.

This case proceeded to discovery, and, on May 9, 2024, Defendants filed their Motion for Sanctions. ECF No. 42. According to Defendants, Plaintiff willingly withheld dozens of audio

recordings during discovery and allegedly lied to Defendants' counsel about the existence of these recordings until recently.

Defendants issued their First Sets of Interrogatories and Requests for Production on October 26, 2023. ECF No. 42-1 at 1.[1] Defendants expounded several interrogatories and requests for production related to statements and audio/tape recordings of Defendants' current and former employees. Plaintiff denied having any responsive materials, specifically stating that he was not in possession of any "statements." *Id.* at 26, 35, and 48. Plaintiff also failed to include reference to audio recordings in his Initial Disclosures. *Id.* at 6–8.

Defendants raised issues with Plaintiff's responses to Defendants' first set of written discovery via a "Golden Rule" letter dated February 21, 2024. *Id.* at 57–61. On March 7, 2024, Plaintiff responded to Defendants' letter by supplementing some of his previous discovery responses and specifically responded to Defendants' concerns by stating:

> Plaintiff does not have any responsive statement that is subject to discovery under Fed. R. Civ. Pro. [sic] 26(b)(3)(C). Plaintiff is not withholding anything under a claim of privilege or immunity. Plaintiff will supplement his response to this production request if/when necessary.
>
> . . .
>
> Neither Plaintiff nor counsel is in possession of any such statements. Plaintiff through counsel anticipates that he may come into the possession of such documents as investigation and discovery continue. Whether such documents are properly discoverable is not yet known. Plaintiff will supplement his response to this production request if/when necessary. Any assertion of privilege that is required to be logged will be.

*Id.* at 62–63.

---

[1] For the sake of clarity, when the Court refers to the page numbers in ECF No. 42-1, the Court will refer to the PDF document's page numbers and not to the page numbers of the separate documents and exhibits contained therein.

On April 4, 2024, counsel for the parties conducted a meet and confer by video regarding their ongoing discovery disputes. *Id.* at 3. During this meet and confer, Plaintiff's counsel was asked "to clarify whether any recordings exit, and if any recordings are being withheld on the basis of privilege." *Id.* According to Defendants, Plaintiff's counsel denied having any recordings responsive to Defendants' requests. After this meet and confer, on April 5, 2024, Defendants served a Notice of Deposition to Plaintiff for a deposition to be conducted on May 9, 2024. *Id.* at 3, 70–71.

On April 5, 2024, Defendants issued a second set of interrogatories and requests for production. This second set of interrogatories asked whether "Plaintiff recorded any conversations or meetings of employees of Spire Missouri or Spire during his employment with Spire Missouri?" On May 7, 2024, Plaintiff responded: Yes. *Id.* at 73. On that same day, Plaintiff produced dozens of audio recordings dated from January 10, 2022, to March 1, 2024. The recordings total of 2,044 minutes, or over 34 hours, of audio.[2] *Id.* at 82. Defendants subsequently continued Plaintiff's deposition until they had the time to review and transcribe the audio recordings. *Id.* at 4, 83.

Two days later, on May 9, 2024, Defendants filed their Motion. Defendants allege that Plaintiff and Plaintiff's counsel failed to disclose the existence of the recordings in Plaintiff's initial disclosures, wrongly denied the existence of the recordings, improperly withheld the recordings that were allegedly responsive to their interrogatories and requests for production, and purposefully waited to produce the recordings until two days before Plaintiff's deposition to frustrate Defendants' discovery efforts. Defendants contend that these actions are sanctionable

---

[2] The Court now understands that this total does not account for all of the audio recordings at issue as Plaintiff later produced five additional recordings via supplementary responses to Defendants' first discovery requests, which total about six additional hours of audio.

3

under Fed. R. Civ. P. 37 because Plaintiff's non-disclosure and alleged intentionally deceptive behavior has prejudiced Defendants by delaying their deposition of Plaintiff and by forcing Defendants to conduct a deposition of a third-party witness without the benefit of the recordings. Defendants seek various sanctions, including: (1) dismissal of the suit; (2) striking Plaintiff's retaliation claims; (3) prohibiting the use of the recordings by Plaintiff; (4) staying all depositions requested by Plaintiff until Defendants are able to review and transcribe the recordings and complete Plaintiff's deposition; (5) requiring Plaintiff to produce for inspection all devices used to make the recordings; (6) disqualifying Plaintiff's counsel; and (7) awarding fees and costs associated with their Motion and preparation of additional discovery requests. ECF No. 43.

In his Response, Plaintiff flatly denies that he or his counsel did anything sanctionable. Plaintiff argues that the audio recordings have now been produced and were properly produced only in response to Defendants' second set of written discovery requests.  Plaintiff argues that his understanding of Defendants' first discovery requests was limited to "statements" as defined in Fed. R. Civ. P. 26(b)(3)(C) that related specifically to Plaintiff's allegations.  According to Plaintiff, it was only after Defendants broadened their requests that Plaintiff felt that the majority of recordings were responsive.  Plaintiff also indicates that five of the recordings "also may be responsive to the earlier requests," and were properly produced via supplemental responses to Defendants' first set of discovery requests.  ECF No. 46 at 8.  Plaintiff's counsel also disclaimed via affidavit any knowledge of the recordings until December 2023 when Plaintiff allegedly provided his counsel with a recording of a December 12, 2023, Spire Missouri rate case team meeting.  ECF No. 46-1 at ¶ 9.  Plaintiff's counsel further attests that he first received copies of these recordings from Plaintiff on May 4 and 6, 2024.  *Id.* at ¶ 17.  Plaintiff's counsel admits to

not having listened to many of the recordings before producing them. *Id.* at ¶ 26. Plaintiff also attests via affidavit that the recordings were "synced to [his] Spire-issued iPhone" and therefore are and were "readily available to [Defendants]." ECF No. 46-2 at ¶ 8. Plaintiff further argues that, regardless of the delay in production, Defendants have not been prejudiced because there remains ample time to conduct discovery.

Defendants filed a Reply that largely reiterates their arguments from the Motion.

**Legal Standard**

The Court "possesses inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018) (cleaned up) (quoting *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017)). The Court's powers include "the ability to supervise and discipline attorneys who appear before it and discretion to fashion an appropriate sanction for conduct which abuses the judicial process including assessing attorney fees or dismissing the case." *Id.* (internal quotation marks and citation omitted).

Under Local Rule 3.04(A):

> [t]he Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person of by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

Failure to strictly comply with the Local Rule is grounds for denial of the motion. *See, e.g., Scobee v. USAA Cas. Ins. Co.*, No. 4:22-cv-488-JAR, 2023 WL 2837782, at *1 (E.D. Mo. Apr. 7, 2023).

**Discussion**

As an initial matter, the Court finds that Defendants' Motion includes a statement that satisfies Defendants' obligations under Local Rule 3.04(A). As such, the Court will consider Defendants' motion and will not heed Plaintiff's suggestion to deny the motion on grounds that it failed to comply with the Local Rule.

After carefully considering the arguments presented in the Parties' briefing and at the June 5, 2024, hearing, the Court finds that Plaintiff's delay in disclosing the recordings is a significant discovery violation. The Court is satisfied that the violation was due to neglect and was not intentional. Despite Plaintiff's contentions to the contrary, the recordings were responsive to Defendants' initial discovery requests and should have been disclosed in Plaintiff's responses. Additionally, once Plaintiff revealed the existence of a December 2023 recording to his counsel, counsel had the obligation to supplement Plaintiff's previous discovery responses and to press his client about whether additional recordings existed so counsel could assess whether the recordings were discoverable. Instead, for months Plaintiff's counsel continued to deny that Plaintiff had any recordings or that the one recording to which he was aware was responsive to Defendants' discovery requests. The Court further finds that Plaintiff's discovery violation has prejudiced Defendants by delaying Plaintiff's deposition and discovery generally, though such prejudice is not irreparable.

The Court finds that sanctions are appropriate, though it will not grant all sanctions Defendants seek. The Court does not find dismissal of Plaintiff's suit or dismissal of Plaintiff's retaliation claims is appropriate. The Court will also not prohibit Plaintiff from using the recordings as litigation continues. The Court will not disqualify Plaintiff's counsel either. But the Court will stay depositions requested by Plaintiffs until Defendants are able to conduct

6

Plaintiff's deposition. Additionally, the Court will order production of the devices used in making the recordings for inspection by a third-party vendor to be agreed upon by the Parties, and the cost of this inspection will be charged to Plaintiff. And, upon Defendants' submission of a bill of costs, the Court will also consider awarding Defendants their reasonable costs for issuing its second discovery requests and bringing this Motion.

The Court will further order the Parties to meet and confer in good faith regarding the logistics of producing Plaintiff's devices for inspection and inform the Court of the status of that plan. The Parties shall also discuss the effect, if any, the Court's sanctions may have on the schedule for this case as reflected in the Court's Case Management Order, ECF No. 37.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Spire, Inc.'s and Spire Missouri, Inc.'s Motion for Sanctions (ECF No. 42) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that the Parties shall meet and confer in good faith to agree upon the production of the Plaintiff's recording devices for inspection by a third-party vendor and the effects that such inspection may have on the Court's Case Management Order.

**IT IS FURTHER ORDERED** that the Parties shall, within **seven (7) days** of the date of this Order, file a status report regarding their joint plan for inspection and whether the Case Management Order requires amendment.

**IT IS FURTHER ORDERED** that the Plaintiff will bear the costs of the inspection of Plaintiff's recording devices by a third-party vendor.

**IT IS FURTHER ORDERED** that all depositions requested by Plaintiff shall be **STAYED** until Defendants can fully review and transcribe the recordings and promptly conduct a deposition of Plaintiff.

**IT IS FURTHER ORDERED** that Defendants shall file for the Court's consideration a bill of costs associated with the issuance of Defendants' second written discovery requests and the filing of their Motion for Sanctions.

Dated this 5th day of June, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE